## Mahammad M. TARIGUE, Laila Nazmin, Saad Nabeel Petitioners,

v.

## IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–71237.

I & NS Nos. A73–967–264, A73–967–265, A73–967–266.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2001.*

Decided Dec. 12, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before FERGUSON and SILVERMAN, Circuit Judges; and BREYER, District Judge.**

MEMORANDUM ***

Mahammad M. Tarigue, his wife, and son appeal the dismissal of his application for asylum or withholding of deportation under 8 U.S.C. § 1105a(a) (1994). The Board of Immigration Appeals ("BIA") adopted the adverse credibility finding of the Immigration Judge ("IJ"). The IJ based her credibility determination on the fact that Tarigue[1] omitted details of religious persecution by Islamic fundamental-ists from his initial asylum application. He relied instead on his political difficulties with the then-dominant Bangladesh National Party. We affirm the BIA and deny the petition for review.

Tarigue's initial application omitted incidents that included being beaten at the mosque, his house being bombed, and being declared an apostate. While "minor inconsistencies and inconsistencies that do not go to the heart of the asylum claim cannot support adverse credibility determinations," these omissions were not minor. *Chand v. I.N.S.*, 222 F.3d 1066, 1070 (9th Cir.2000). They essentially changed his application from one for asylum for political persecution to asylum for religious persecution. At least one incident omitted from his initial application—the bombing of his home—shed significant light on Tarigue's "fear for his safety." *Vilorio–Lopez v. I.N.S.*, 852 F.2d 1137, 1142 (9th Cir. 1988). In a similar case, we noted that where "the discrepancies relate to the basis for [the Petitioner's] alleged fear of persecution ... [t]hese discrepancies 'involved the heart of the asylum claim' and support the negative credibility finding." *de Leon–Barrios v. I.N.S.*, 116 F.3d 391, 393–94 (9th Cir.1997) (quoting *Ceballos–Castillo v. I.N.S.*, 904 F.2d 519, 520 (9th Cir.1990)).

Tarigue argues that the adverse credibility finding was not adequately supported. "Adverse credibility findings must be supported by specific, cogent reasons, and the reasons set forth must be substantial and must bear a legitimate nexus to the finding." *Akinmade v. I.N.S.*, 196 F.3d 951, 954 (9th Cir.1999) (citations and

---

R.App. P. 34(a)(2).

** Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The appeals of Tarigue's wife, Laila Nazim, and son, Saad Nabeel, are dependent upon Tarigue's application. For ease of reference, the agency referred to Tarigue's case in the singular, and this disposition does so as well.

internal quotations omitted). The IJ met this burden. She pointed to specific omissions in Tarigue's testimony and placed them in the context of his claim and recent political events in Bangladesh in determining that Tarigue was not credible.

Tarigue also argues that the IJ was predisposed to discredit his testimony, citing *Garrovillas v. I.N.S.*, 156 F.3d 1010, 1014–16 (9th Cir.1998). A full review of the record, however, reveals no such predisposition.

The petition for review is DENIED

---

\* The Honorable Frank C. Damrell, Jr., United States District Judge for the Eastern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.